Nicholas, J.
The plaintiff in his petition alleges the execution by Joseph Rider, deceased, of his last will ond testament on March 10, 1894, the death of the testator March 17, 1901, the probating of said will in this county on March 25, 1901, the appointment of the executors thereunder, and upon the death of Benjamin Franklin, one of them, the appointment of his successor, Edward W. Crayton,' the qualification of such executors, and later the removal as trustees of Louis H. Rider and Mary E. Zimmer *142 man and the appointment of this plaintiff as such trustee in their stead, and he attaches a copy of the will of the said Joseph Rider to said petition. The petition then states the relationship of each of the defendants to the testator and his estate, and then alleges a certain contract entered into September 13, 1907, between all the heirs of said testator for the division of the Franklin county farm, and attaches a copy of said contract; that on February 17, 1906, said executors, Swartz and Crayton, while still acting as trustees, filed a certain petition in this court for construction of said will. That later in April, 1908, this court upon hearing rendered a final judgment and finding upon said will, by which said finding and order said executors and trustees were authorized to proceed to carry out said contract attached to said petition.
It is further alleged that the Franklin county land was then subdivided and platted, the plat duly approved by the proper authorities and filed with the recorder of Franklin county, and said farm was thereupon divided among said beneficiaries; a certain portion of the then agreed valuation of about twenty-three thousand dollars was held in trust for Louis H. Rider, and for Mary Zimmerman parcels of the value of between eighteen and nineteen thousand dollars; and that this property was afterwards turned over to this plaintiff as said trustee by said former trustees, and is now held by him in the trust relation provided for by testator's will.
It is then alleged that the rental value of these two tracts is about one hundred and twenty dollars each per year, upon which taxes are annually assessed to the amount of about forty-four dollars each; that these lots held in trust for Mary Zimmerman are the only assets belonging to said trust and the only sources of revenue for the benefit of said Mary Zimmerman, and that the income therefrom is wholly inadequate for her support, and that under the provisions of the will of said Joseph Rider said Mary Zimmerman is entitled to the income from said trust property for and during her life, and if said income is insufficient to keep her respectably is entitled to receive such portion of the principal in addition thereto as may be necessary for her comfortable support; that the lots held in trust for said Louis H. Rider comprised more than one-third in value of the. entire *143 trust estate held" for Ms benefit, and said trust estate as now constituted is wholly inadequate for his support; that said Louis Rider is entitled by the will of his father to the income of said trust estate during his life, and if this income is insufficient to keep him respectably he is entitled to receive such portion of the principal in addition thereto as may be necessary for his comfortable support, and that the plaintiff therefore believes that the best interests* of said trust will be subserved by the sale of the lots so allotted; that he has made a diligent effort to obtain offers for said trust property, and has been offered the sum of $650 per acre, which would realize about $14,000 for the trust estate' of Louis H. Rider and about $11,000 for the trust estate of Mary Zimmerman, and that he believes that these amounts are the best prices obtainable and all they are reasonably worth, and that he has entered into a contract to sell said trust property. And the plaintiff then asks the direction and judgment of the court in- respect to all these matters set up in reference to his trust estate, and prays direction of the court as to the making of the sale already entered into by Mm, and as to the application of the proceeds thereof, and as to the regularity and sufficiency of his appointment as testamentary trustee, and of such other matters and things arising in the administration of said trust and the settlement thereof as may -be necessary and proper.
The view I take of this case will not require an analysis of the defense urged, for the right of relief in the plaintiff, if any, must be found in his petition, and no cross-petition is interposed by any of the defendants. In his prayer the petitioner asks “the direction and judgment of the court in the matters and things therein set forth respecting said trust and the estate and property held by said plaintiff as trustee, and prays its judgment and direction as to the sale of that portion of the trust estate lying in Franklin county, and as to the regularity and sufficiency of the appointment of plaintiff as testamentary trustee, and the direction of the court in such other matters and things arising in the administration of his trust and in its settlement as may be necessary and proper. ’ ’
All these questions submitted save one are moot questions, and that one is a request of this court at this time to review *144 the order of the probate court in the appointment of this plaintiff as testamentary trustee.
The will of Jacob Eider vests in this trustee as successor of the testamentary trustees a discretion in the employment of a portion, át least, of the principal in his hands to the income thereof for the maintenance of his cestui que trusts, and in the administration of that trust he is the officer of the probate court of this county, and to the jurisdiction of that court* is entrusted the control of his handling of said trusts, and all matters concerning his administration thereof could come into this court only upon review proceedings of that court, and for this court to attempt in advance to decide whether or not it was necessary for the welfare of his wards to sell this property, or whether the price was a reasonable and proper one, would be an effort to forestall that tribunal and could be of no force or'effect.
This court having only the power to review the findings of the probate court in matters of this character gives to this court no original jurisdiction, and consequently this case might just as well have been brought in the Supreme Court of Ohio as in the common pleas. This court, therefore, being without jurisdiction to consider these questions in an orginal action, it can only dismiss this petition at the cost of this plaintiff.
It might intimate, however, in passing that even the probate court could only entertain jurisdiction over the questions raised in this proceeding after the trustee had exercised the discretion vested in him by the will of the testator, but could not forestall his action by a prior proceeding. An action even in this court to construe the will of the testator would not aid the trustee in the questions presented by this petition. This last observation is obiter and I have added it to my finding in the 'case with the idea only that it might aid in understanding the view already expressed.
Exceptions will be allowed both plaintiff and defendants to this finding and order.